United States of America
District of Massachusetts

Suffolk, ss.

_____
                                        )
In Re: Grand Jury Subpoena              )          Docket No. 23-mc-91526
_____)

**Dean Tran' Motion to Quash Supplement**

Now comes the Movant who offers some citations of law upon the question of standing.

"It is well-established that a litigant may have sufficiently important, legally-cognizable interests in the materials or testimony sought by a grand jury subpoena issued to another person to give the litigant standing to challenge the validity of that subpoena." In Re Grand Jury, 111 F.3d 1066, 1073 (3rd Cir. 1997).

> "More fundamentally, however, we think the government's suggestion that the courts limit standing to claims of abuse of the grand jury process to persons whose property interests or privileges have been invaded is not a viable one. We can imagine cases where neither property interests, nor privileges, have been affected, but other valued rights have. For instance, a political candidate's liberty interest could be infringed by serving grand jury subpoenas upon his workers to discourage them from soliciting nominating petitions or election support. Under the government's suggested test the affected candidate would be precluded from seeking relief because neither a property interest, nor a privilege would be at stake.[3] 1027*1027 It seems to us that the case for letting such a victim of grand jury abuse be heard is stronger, rather than weaker, than any of the cases presented by the decisions listed above where we have already accepted third party standing. Third party standing to assert claims of grand jury abuse cannot be determined by categorizing the claimed interest as one of property or privilege, but only by examining the nature of the abuse, and asking whether, and in what manner, it impinges upon the legitimate interests of the party allegedly abused."

In Re Grand Jury (Schmidt), 619 F.2d 1022, 1026-1027 (3rd Cir. 1980). *See Also* United States v. Raineri, 670 F.2d 702, 712 (7th Cir.1982) (citing Schmidt, "party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests," and holding that prosecutor had standing to move to quash trial subpoena based on his interests in having trial proceed expeditiously and without harassment to witness or undue prejudice to his case)

"As our prior decisions indicate, an individual or entity claiming a property right or privilege in the subpoenaed documents has standing to contest the denial of a motion to quash the [grand jury]

subpoena." In Re Grand Jury, 770 F.2d 36, 38 (3rd Cir. 1985). *See Also* In re Grand Jury Proceedings (Diamante), 814 F.2d 61, 66 (1st Cir.1987) (implying that "the existence of a privileged relationship or of a legitimate property or privacy interest in the documents possessed by the third party" is sufficient to establish standing)

> In the course of upholding broad investigatory powers of the grand jury, courts frequently note that, of course, use of those powers for the purpose of "harassment" is always subject to judicial remedy. Precisely what a court has in mind by this reference to "harassment" is often left open, but it apparently refers to something more than simply using the grandjury process for some unauthorized purpose, such as civil discovery. Courts that have offered illustrations of harassment tend to stress a vindictive element in the use of the grandjury, usually a use designed to intimidate the witness. Thus, illustrations are offered of "bad faith harassment of a political dissident" by imposing the burdens (political and otherwise) of a grandjury appearance with "no expectation that any testimony concerning a crime would be forthcoming." Similarly, repeated subpoenas to appear before one grandjury after another may reflect harassment. Several courts have characterized calling a witness before the grandjury solely to trap him into committing perjury as a form of harassment.

Wayne R. Lafave, Principles of Criminal Procedure: Investigation, 2d, §7.6(h). (2009)

> In U.S. v. Miller (§ 8.1(c)) held that a customer lacks standing to object on Fourth Amendment grounds to a subpoena directing a third party service provider (e.g., a bank) to disclose its records of the customer's transactions. Although some of the records were originally created by the customer, in giving control over the records to the service provider, the customer assumed the risk of disclosure by the provider. In general, as in Miller, the target of the investigation has no standing to object to a subpoena directing a third party to produce information relating to the target. Certain misuses of grand jury authority, however, will directly impact the rights of the target, and here the target may challenge the subpoena even though it is directed to a third party. Thus, a target may challenge a grand jury's misuse of a third-party subpoena to enhance the prosecutor's criminal discovery on an indictment pending against the target, or to gain discovery for a civil action to be brought against the target. So too, an employer/target had standing to object to subpoenas issued to its employees where it alleged that the government's design was to harass the employer by repeatedly calling its employees to testify. In the federal system, statutes dealing with subpoenas directed at certain types of records (e.g.,

> stored internet communications, see § 3.11) establish third party rights and third-party standing.

Wayne R. Lafave, Principles of Criminal Procedure: Investigation, 2d, §7.6(i). (2009)

                                                                           Respectfully Submitted,

                                                                           Dean Tran,
                                                                           By his Attorney
                                                                           /S/ Michael Walsh
                                                                           Michael Walsh
                                                                           Walsh & Walsh LLP
                                                                           PO Box 9
                                                                           Lynnfield, MA 01940
                                                                           617-257-5496
                                                                           Walsh.lynnfield@gmail.com

**Certificate of Service**

I, Michael Walsh, hereby certify that a copy of this motion and appendix were served upon AUSA Dustin Chao and Atty Goldberg on this 17th day of October, 2023 by email.
/S/ Michael Walsh